# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ANGEL MICHELLE JONES, #309213, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:20-cv-991-RAH-CSC |
| ALABAMA DEPARTMENT OF CORRECTIONS, et. al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

On March 6, 2024, the Magistrate Judge recommended that this action should be dismissed with prejudice. (Doc. 35.) The Plaintiff has filed no objections to this Recommendation.

The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court agrees with the Magistrate Judge's recommendation that this case should be dismissed with prejudice; it does, however, find it necessary to elaborate on the Recommendation's analysis with respect to the excessive force claim.

The Magistrate Judge correctly applied the five factors as set forth in *Miles v. Jackson*, 757 F. App'x 828 (11th Cir. 2018) (citing *Whitley v. Albers*, 475 U.S.

312 (1986)), when determining the motion for summary judgment on the excessive force claim should be granted. However, in the discussion regarding "the need for the application of force" and "the relationship between that need and the amount of force used," the Recommendation referenced statements from two unsworn reports (Docs. 23-3 and 23-10). The unsworn statements are hearsay and should not be considered for the truth of the matter asserted. This Court therefore rejects the parts of the Recommendation which reference these hearsay statements.[1] Nonetheless, the decision is easily modified by substituting the references to Defendant Snow's unsworn report with her sworn affidavit (Doc. 23-1), which includes essentially the same statements. The undersigned therefore will consider the statements in Defendant Snow's sworn affidavit only.

Next, when considering the factor regarding the extent of the injuries suffered by the Plaintiff, the Magistrate Judge correctly found that no injuries other than a "handcuff indentation with redness" and "redness" to parts of her body were noted in the body chart. (Doc. 35 at 16 (citing Doc. 23-8)). Importantly, in addition to the body chart, the record demonstrates that the Plaintiff sought treatment from medical personnel after the incident. On August 31, 2020, Plaintiff reported that she had been "put on the ground by an officer . . . on August the

---

[1] Because the record does not include a sworn statement or affidavit from Sergeant Reese, this Court rejects any references to his unsworn statements (Doc. 23-10) and will not rely on them in its final decision.

20th," that her bruises were gone, and that her right shoulder was sore. (Doc. 23-19, Wexford Health Progress Note.) The progress note states "unable to get reflexes . . . [patient] unable to relax." (*Id.*) The nurse practitioner noted that, although Plaintiff had "[e]qual strength in her upper [and] lower extremities" and "ROM of shoulders bilaterally," she had some tenderness when turning her head to the right side. (*Id.*) The nurse practitioner assessed "trapezius, muscle strain" and recommended that the Plaintiff continue taking her medication, including Tylenol and Robaxin. (*Id.*) The Court therefore agrees with the Magistrate Judge's conclusion that there was no evidence of a "serious injury."

Based upon its independent review of the record, the Court likewise agrees that, when balancing the *Miles* and *Whitley* factors, the factors do weigh against the Plaintiff. The Court agrees with the Magistrate Judge's final conclusion that the motion for summary judgment should be granted.

After an independent review of the Recommendation, it is

**ORDERED** as follows:

1. With the aforementioned exceptions, the Recommendation of the Magistrate Judge (Doc. 35) that this case be dismissed with prejudice is ADOPTED;
2. The motion for summary judgment (Doc. 23) is GRANTED;
3. This case is DISMISSED with prejudice;
4. No costs are taxed.

A separate Final Judgment will be entered in accordance with this order.

DONE, on this the 28th day of March 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE